UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-MC-80771

TYRONE T. HOLMES,

           Petitioner,

vs.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

           Defendant.

_____/

## REPORT AND RECOMMENDATION REGARDING PETITIONER'S EMERGENCY APPLICATION FOR ORDER TO COMPEL PRODUCTION OF DOCUMENTS OR IN THE ALTERNATIVE COMPEL PROOF OF LIFE OF DERWIN MANDELL HOLMES [ECF No. 1]

This matter comes before the Court *sua sponte*. Pro se petitioner Tyrone T. Holmes seeks an order compelling the Social Security Administration ("SSA") to provide him (1) the name of the Payee Representative on record with the SSA for Derwin Mandell Holmes ("DMH") and (2) proof of life for DMH ("Petition").[1] ECF No. 1. Mr. Holmes claims to be the brother of DMH, who, according to the Petition, is a disabled adult that has been missing since July 5, 2022. *Id.* The

---

[1] The title of the Petition also requests waiver of the filing fee. However, after the Court ordered Mr. Holmes to either pay the filing fee or file a motion to proceed *in forma pauperis*, Mr. Holmes paid the fee. ECF Nos. 3, 4. Therefore, any request to waive the fee is moot.

Honorable Aileen M. Cannon referred the case to me for a Report and Recommendation on any dispositive matters. ECF No. 5. For the reasons stated below, the Petition should be dismissed.

## DISCUSSION

The Petition should be dismissed because there is no basis to conclude that the Court has subject matter jurisdiction. *Fisher v. Int. of Tully*, No. 23-CV-554, 2023 WL 4187098, at *1 (M.D. Fla. June 1, 2023), *report and recommendation adopted*, 2023 WL 4181161 (M.D. Fla. June 26, 2023).

> "It is by now axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of So. Ala. v. American Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Subject-matter jurisdiction is a threshold inquiry that a court is required to consider before addressing the merits of any claim. *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (raising federal jurisdiction issue *sua sponte*.) Accordingly, the Court's subject matter jurisdiction should be raised *sua sponte* at any point in the litigation where a doubt about jurisdiction arises. *see Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."). If a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

*Carr v. Bombardier Aerospace Corp.*, No. 10-MC-60917, 2020 WL 2220336, at *1 (S.D. Fla. June 3, 2010) (J. Marra). As an initial matter, the Petition does not allege a dispute between citizens of different states that involves an amount in controversy in

excess of $75,000. Thus, it does not provide a basis for diversity jurisdiction. *See id*. at *2 (citing 28 U.S.C. § 1332).

In addition, the Petition contains "no readily apparent federal question pursuant to 28 U.S.C. § 1331 providing this Court with jurisdiction." *See id*. at *1. Although Mr. Holmes claims that 20 C.F.R. § 401.180, an SSA regulation, prohibits him from obtaining the requested information without a federal court order, he fails to cite any authority that enables him to initiate a federal court action to request documents and information from the SSA regarding a third party. *See Haydon Bros. Contracting, Inc. v. U.S. Soc. Sec. Admin.*, No. 11-96-KKC, 2012 WL 38608, at *4 (E.D. Ky. Jan. 9, 2012) (dismissing action seeking an order permitting the SSA to disclose records of a third party pursuant to the Privacy Act, 5 U.S.C. §552a, because the Act does not create a private right of action).

Mr. Holmes' citation to Rule 45 of the Federal Rules of Civil Procedure is likewise unavailing. "Rule 45 of the Federal Rules of Civil Procedure does not in and of itself confer federal jurisdiction." *Simons Petroleum, Inc. v. TA Operating, LLC*, No. 08-MC-005, at *1 (N.D. Ohio Jan. 24, 2008). "Rather, it provides a vehicle for obtaining discovery over individuals outside the subpoena power of another federal court in which an action is pending. Thus, the authority of a federal court to resolve third-party discovery issues is directly tied to the existence of an action over which federal jurisdiction lies. Absent such action, there is no independent federal

jurisdiction under Rule 45." *Id.* (citing *Rum Marketing Int'l, Ltd. v. Compania Licorera De Centroamerica, S.A.*, No. 07-21466-MC, 2007 WL 2702206, at *2 (S.D. Fla. Sept. 14, 2007) (J. Torres)). Because Mr. Holmes has failed to show that the Court has jurisdiction over the Petition, the Petition should be dismissed. *See Haydon Bros. Contracting*, 2012 WL 38608 at *4; *see also Fisher*, 2023 WL 4187098, at *1-2 (dismissing a "Petition for Custody" where the petition provided no basis to conclude the court had subject matter jurisdiction); *Carr*, 2010 WL 2220336, at *2-3 (dismissing Motion for Pure Bill of Discovery where plaintiff failed to establish a basis for the court's jurisdiction).

Notably, it is unclear whether Mr. Holmes has asked the SSA for the requested information and whether any such request has been denied.[2] Therefore, the Petition should also be dismissed for failure to establish an actual case or controversy.

## REPORT AND RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court dismiss without prejudice Petitioner's Emergency Application for Order to Compel Production of Documents or in the Alternative Compel Proof of Life of Derwin Mandell Holmes (ECF No. 1).

---

[2] Nothing in this Report and Recommendation precludes Mr. Holmes from seeking the requested information directly from the SSA. If those efforts are unsuccessful, Mr. Holmes may pursue other remedies at that time.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 17th day of July 2023.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE